Argued and submitted March 19, reversed on appeal,
affirmed on cross-appeal May 9, 1984

In the Matter of the Marriage of

VOGEL,
*Appellant/Cross-Respondent,*
*and*

VOGEL,
*Respondent/Cross-Appellant.*

(105,604; CA A29121)

680 P2d 710

Kevin C. Gage, Salem, argued the cause for appellant-cross-respondent. On the brief was Terry K. Haenny, Salem.

Craig R. Rockwell, Salem, argued the cause and filed the brief for respondent-cross-appellant.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

The parties' 1957 marriage was dissolved in 1978. Under the decree husband was required to pay $600 a month spousal support for five years and $200 a month for the support of each of their two children. In February, 1980, husband moved to modify the decree by eliminating spousal support and reducing child support. The trial court denied the motion but did defer the spousal support obligation for a period of six months, tacking that period to the end of the original five year support period. Husband appealed, and we affirmed without opinion. *Vogel and Vogel,* 51 Or App 575, 628 P2d 797 (1981).

In April, 1981, husband again moved to eliminate spousal support and reduce child support. The motion was tentatively resolved by agreement of the parties, and the terms of the agreement were incorporated in a stipulated order entered in April, 1982. By its terms, on satisfaction of certain conditions by husband, his spousal support obligation would be eliminated and the child support obligation would be reduced to $75 per month per child. The stipulated conditions were the payment to wife of all accrued support arrearages and, in addition, the payment of $5,000. The order required the money to be paid before September 30, 1982, and if not so paid, the modification motion was to be denied in its entirety.

Husband failed to pay the money. Wife moved to make a record of that failure and husband moved to set aside the April order or, in the alternative, to eliminate spousal support and reduce child support. In January, 1983, the court made a record of husband's failure to satisfy the order's conditions, denied both parts of husband's motion and reaffirmed the original spousal and child support obligations. Husband had by then filed his third motion to modify the decree. The order on that third motion reads in relevant part:

"(2) The date of December 13, 1982 is the date from which a change of circumstances must be proven and the court finds that there has been no change of circumstances from [that] date * * *.

"(3) Because of substantial injustice the court modifies the child support obligation * * * to the sum of $100 per month per child effective December 13, 1982. The Court further

modifies the spousal support to be the sum of $100 per month
effective with December 13, 1982."

Wife appeals, challenging paragraph (3); husband cross-appeals, challenging paragraph (2).

■ We turn first to the cross-appeal. The April, 1982, order, which was based on the parties' agreement, by its terms provided that the agreement would be of no further force and effect if husband failed to perform his obligations by September 30, 1982. Furthermore, that order provided that husband's 1981 motion to modify the decree would be deemed denied if he failed to perform his obligations. The validity of that order is not before us. In response to wife's motion to make husband's default of performance a matter of record, made in November, 1982, husband moved to set aside the April 1982 order, eliminate spousal support and reduce child support. Those motions did not come on for hearing until December 13, 1982. The order consequent on that hearing was made on January 3, 1983. The court formally denied husband's motion that had given rise to the stipulated order and, as recited above, restated husband's obligations under the original decree. The motion to set aside the stipulated order was denied. Husband's then currently pending third motion to modify the decree was set for a later hearing. No appeal from the January 3, 1983, decree is before us. When the third motion for modification came on for hearing, in March, 1983, the last adjudication of husband's spousal and child support was the unappealed January order. Husband would have us now treat this appeal as encompassing a challenge to that adjudication. We will not do that. We affirm on the cross-appeal.

■ The trial court expressly found "that there has not been any change of circumstances from December 13, 1982, until the date of the hearing." Without a finding of a change of circumstances, the trial court was without power to modify the 1978 decree. Therefore, insofar as the order purported to modify husband's spousal and child support obligation, it is reversed.

Reversed on the appeal; affirmed on the cross-appeal. Costs to appellant-cross-respondent.